UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23700-SEITZ

PAULETTE ROSE,
        Plaintiff,
v.

COSTCO WHOLESALE CORP.,
        Defendant.
_____/

### ORDER DENYING DEFENDANT'S DAUBERT MOTION TO EXCLUDE AND/OR LIMIT THE TESTIMONY OF PLAINTIFF'S EXPERT, CHRISTOPHER WAGENER, M.D.

THIS MATTER is before the Court on Defendant Costco Wholesale Corp.'s *Daubert* Motion to Exclude and/or Limit the Testimony of Plaintiff's Treating Expert Christopher Wagener, M.D. because (a) his disclosure was deficient under Fed. R. of Civ. P. 26(a)(2)(C) and (b) his testimony does not meet the *Daubert* standard. DE 21. Having reviewed the Motion [DE 21], Plaintiff's Response [DE 25], Defendant's Reply [DE 28], the accompanying exhibits, and heard oral argument on July 13, 2023, Defendant's Daubert Motion to Exclude and/or Limit the Testimony of Dr. Wagener [DE 21] must be denied on both grounds for the reasons discussed below.

**I.    FACTS**

Plaintiff Paulette Rose filed a negligence action against Defendant after allegedly slipping and falling on a liquid while shopping in a store Defendant owned and operated. DE 1-2. Plaintiff claims injuries to her right leg, lower back, and neck. Pl. Dep. at 46:18-25; 47:1-3. Dr. Wagener is a board-certified orthopedic surgeon who evaluated Plaintiff approximately two months following her incident. Dr. Wagener Dep. at 10:7-9; 17:25-18:2. Defendant filed its *Daubert* motion after the close of discovery.

## II. ANALYSIS

### a. Fed. R. of Civ. P. 26

Fed. R. Civ. P. 37 gives a district court the discretion to strike an expert witness' testimony if the expert witness' disclosure does not comply with Fed R. of Civ. P. 26 requirements. The proper remedy for deficient expert disclosures is to move for an order compelling a more detailed disclosure prior to the close of discovery. *Griffith v. General Motors Corp.*, 303 F.3d 1276, 1283 (11th Cir. 2002) (upholding a district court's decision not to strike an expert under Fed. R. of Civ. P. 26 where the moving party moved to do so after deposing the expert and the close of discovery). Defendant did not move for a more detailed disclosure and deposed Dr. Wagener. Because Defendant did not seek to cure any deficiencies under Rule 26 and had the opportunity to highlight these deficiencies at Dr. Wagener's deposition, Dr. Wagener's testimony will not be stricken on Rule 26 grounds.

### b. *Daubert*

Under Federal Rule of Evidence 702, district courts must act as "gatekeepers," admitting expert testimony only if it is reliable, relevant and non-speculative. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-590 n.7 (1993). In determining whether to admit expert testimony, the district court should consider whether the expert is qualified, if the methodology used is reliable, and whether the testimony will assist the trier of fact. *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998).

Defendant argues that Dr. Wagener should not be allowed to testify regarding causation because he did not review Plaintiff's prior medical records, therefore his testimony is unreliable and will not assist the trier of fact. DE 21 at 6. Defendant does not attack Dr. Wagener's qualifications, his methods, his physical exam of Plaintiff, or his ability to diagnose patients such as Plaintiff. As such, Defendant is essentially attacking the persuasiveness Dr. Wagener's conclusion, not its reliability. The reliability factor

2

focuses on the expert's methodology rather than his conclusions. *Daubert*, 509 U.S. at 594-95; *see also Rink v. Cheminova*, 400 F.3d 1286, 1293 n.7 (11th Cir. 2005) (distinguishing reliability from believability and persuasiveness). In this case, striking Dr. Wagener's testimony is not appropriate. Defendant had an opportunity to cross examine Dr. Wagener on his conclusions and inquire into his failure to examine Plaintiff's prior medical records. *Id.* at 4. Further, Plaintiff has undergone an independent medical examination by Defendant's retained expert. DE 16. Defendant's retained expert came to a different conclusion than Dr. Wagener. If this matter proceeds to trial, the parties will have the opportunity to present evidence from their competing experts. Ultimately, it is a jury, not a district court, who must evaluate the credibility and weight of either expert's testimony. See *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). Therefore, it is

ORDERED THAT Defendant's Daubert Motion to Exclude and/or Limit the Testimony of Dr. Wagener [DE 21] is **DENIED**.

**DONE and ORDERED** at Miami, Florida, this 17 day of July, 2023.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Cc: Counsel of Record