UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23700-SEITZ

PAULETTE ROSE,
        Plaintiff,
v.

COSTCO WHOLESALE CORP.,
        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant Costco Wholesale Corp.'s ("Defendant") Motion for Summary Judgment [DE 19]. Plaintiff Paulette Rose ("Plaintiff") alleges one count of negligence after she slipped and fell on a transitory foreign substance in Defendant's store and seeks damages. DE 1-2. This matter was originally filed in state court and was timely removed. DE 1. Having reviewed the Motion [DE 19], Plaintiff's Response in Opposition [DE 22], Defendant's Reply [DE 24], the accompanying statements of material facts, the record, and heard oral argument on July 13, 2023, Defendant's Motion for Summary Judgment [DE 19] must be denied for the reasons discussed below.

    I.    **UNDISPUTED FACTS**

On December 27, 2021, Plaintiff was shopping at Costco, a store owned by Defendant, when she slipped and fell on a purple liquid substance. Pl. Dep. 49:2-13. Plaintiff was accompanied by her daughter-in-law, who was waiting for her outside of the Costco in the car. *Id.* at 50:1-4. The daughter-in-law was not deposed. Defendant provided the Court with a copy of the video surveillance which captures the area in which Plaintiff's incident occurred between 10:23 AM and 12:23 PM on the day of

Plaintiff's incident. Plaintiff entered the Costco and showed an employee her membership card. *Id.* at 51:23-24. Plaintiff grabbed a cart and walked inside. *Id.* at 51:22. Plaintiff testified that from the moment she walked into the store, she could see the floor was covered in cart marks and footprints, specifically noting that it looked like "[t]hey did not clean the floor." *Id.* at 52:17-53:7; 56:15-18. The area that Plaintiff walked through appears to be an electronics section. Video Surveillance. Plaintiff walked for approximately fourteen seconds before she slipped and fell. *Id.*

Plaintiff landed with her right foot underneath her bottom.[1] *Id.* Plaintiff did not look at the floor immediately before falling. Pl. Dep. at 53:13-16. After she fell, Plaintiff stood up and walked back to the Costco employee checking cards at the main entrance.[2] Video Surveillance. The Costco employee came to the area in which the incident occurred and wiped down the floor. Pl. Dep. 53:19-25. The Costco employee placed a shopping cart on top of the substance. *Id.* at 54:9-15. Plaintiff does not know whether the Costco employee saw her fall. Id. at 58:18-23. The Costco employee called the manager. *Id.* 58:21-23. Neither the Costco employee nor the manager were deposed for this matter.

The liquid on which Plaintiff slipped was purple. *Id.* at 54:6-7. Plaintiff only saw the purple liquid after she fell, however it is unclear if it was before or after she returned with the Costco employee. *Id.* at 57:1-14. Plaintiff was not wet or covered in any liquid immediately after she fell. *Id.* at 63:7-8. Plaintiff could not testify as to the

---

[1] Plaintiff testified that there are pictures of her bruises immediately following the incident, but those pictures are not in the record. Pl. Dep. 55:13-14.
[2] Plaintiff testified that she waved down the employee at the main entrance of the store and that the employee could see her from the main entrance. Pl. Dep. 58:18-19. However, based on the video surveillance, that does not appear to be the case. It is questionable whether Plaintiff was within the employee's eyesight.

size of the purple liquid on which she slipped. *Id.* at 55:19-24. Plaintiff does not know how long the purple liquid was on the floor prior to her fall. *Id.* at 62:22-24. Plaintiff does not know whether any Costco employee was aware of the purple liquid on the floor. *Id.* at 62:25-63:3. Plaintiff does not know where the purple liquid came from. *Id.* at 63:4-6. However, when asked if she saw cart marks after her fall, Plaintiff testified, "... yes, there [were] cart marks." *Id.* 57:13-14.

## II. STANDARD OF REVIEW

### a. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting FED. R. CIV. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52).

In opposing a proper motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue

for trial. *See* FED. R. CIV. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### b. Florida Foreign Transitory Substance Statute[3]

Under Florida law, a person who slips and falls on a transitory foreign substance in a business establishment has the burden of proving the business establishment had actual or constructive knowledge of the dangerous condition. Fla. Stat. § 768.0755(1). Constructive knowledge may be proven by circumstantial evidence showing that the dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition. *Id.* The presence of liquid itself is not enough to establish constructive knowledge. *Sutton v. Wal-Mart Stores East, LP*, 64 4th 1166, 1169 (11th Cir. 2023) (citing *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011). If a plaintiff cannot provide any evidence indicating the length of time that a foreign transitory substance was on the floor, there is no genuine issue of material fact and a defendant is entitled to summary judgment. *Id.* In the absence of direct evidence, a plaintiff can proffer circumstantial evidence of "additional facts" showing that the substance was on the ground for a period time long enough to create an issue of fact as to whether the defendant had constructive notice. *Id.*

---

[3] A district court exercising diversity jurisdiction applies state substantive law. *Erie R.R. Co. v. Tompkins,* 304 U.S., 64, 78 (1938).

## III. ANALYSIS

Defendant asserts summary judgment is appropriate because Plaintiff has not presented sufficient evidence to indicate a genuine issue of material fact as to whether Defendant had constructive knowledge of the dangerous condition. Plaintiff admittedly does not know where the purple liquid came from, how long it was there, or whether any Costco employee knew about any spills or incidents prior to Plaintiff's fall. Plaintiff does not have pictures of the area in which she slipped. The video surveillance depicts more than seven hundred individuals walking through the area in the two hours preceding Plaintiff's accident without incident. As such, it is clear there is no direct record evidence of how long the liquid on was on the floor.

Plaintiff points to one piece of circumstantial evidence to overcome summary judgment— Plaintiff's testimony that she saw cart marks immediately following her fall. Pl. Dep. 57:13-14. Taken in conjunction with Plaintiff's testimony that the floor in general was covered in footprints and cart marks, it is difficult to ascertain whether Plaintiff meant she saw a cart mark *through* the purple liquid, or whether she was referring to generalized cart marks that she saw upon entering the store. However, Florida courts have repeatedly held that cart marks or footprints provides the "additional facts" necessary to create a genuine issue of material fact as to notice. *Sutton*, F.4th at 1171. Considering the record evidence in the light most favorable to the Plaintiff, while just a feather weight greater than a scintilla, a jury could find that Plaintiff met her burden to demonstrate circumstantial evidence of notice.

This decision turns on the state of the record. While Plaintiff did not testify unambiguously as to what she saw, Defendant did not clarify the ambiguity.

5

Ultimately, if this matter proceeds to trial, Plaintiff must present evidence at trial probative of the length of time that the purple liquid was on the floor to show constructive notice and survive a motion for directed verdict. However, taking the record as it exists in this state of litigation in the light most favorable to the non-moving party, there is a genuine issue of material fact regarding whether the Plaintiff did, in fact, see a cart mark *through* the liquid, and not generalized cart mark scuffs on the floor. Therefore, it is

ORDERED THAT Defendant's Motion for Summary Judgment [DE 19] is **DENIED**.

**DONE and ORDERED** at Miami, Florida, this 18th day of July, 2023.

PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Cc: Counsel of Record